11-5327-cr
United States v. Morris

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of January, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
                     *Circuit Judges*,
           KENNETH M. KARAS,
                     *District Judge*.[*]

---------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                     *Appellee*,

           v.                                          No. 11-5327-cr

MICHAEL MORRIS,
                     *Defendant-Appellant*.

---------------------------------------------------------------------------------

APPEARING FOR APPELLANT:        TRACY HAYES (Hillary K. Green, *on the brief*), Federal Public Defender's Office, Western District of New York, Buffalo, New York.

APPEARING FOR APPELLEE:         MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

---

[*] The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretney, *Chief Judge*; Jeremiah J. McCarthy, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 22, 2011, is AFFIRMED.

Defendant Michael Morris appeals from a judgment of conviction, following a jury trial, for unlawful possession of cocaine base with intent to distribute, see 21 U.S.C. § 841(a)(1), (b)(1)(C), and maintaining a drug-involved premises, see 21 U.S.C. § 856(a)(1). Morris challenges the district court's refusal to suppress certain evidence and its decision to admit other evidence. He also challenges the sufficiency of the evidence admitted to prove an intent to distribute drugs. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Suppression Challenge

Morris argues that the district court erred in denying his motion to suppress the evidence seized from his residence at 97 Saint Joseph Street, Buffalo, New York, without affording him a full hearing to test the veracity of statements supporting the search warrant. See Franks v. Delaware, 438 U.S. 154 (1978). He further faults the district court's finding that the warrant was supported by probable cause. See U.S. Const. Amend IV. Both arguments are meritless.

A.    *Franks* Hearing

To secure a Franks hearing, a defendant must both (1) make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the

2

truth, was included by the affiant in the warrant affidavit" and (2) show that "the allegedly false statement [was] necessary to the finding of probable cause." Franks v. Delaware, 438 U.S. at 155–56; accord United States v. Falso, 544 F.3d 110, 125 (2d Cir. 2008). Morris claims to have satisfied this requirement by raising challenges to warrant statements that a confidential informant ("CI") purchased drugs at the searched residence. We review a district court's decision to deny a Franks hearing only for clear error, see United States v. One Parcel of Prop. at 15 Black Ledge Drive, 897 F.2d 97, 100 (2d Cir. 1990), which is not evident here.[1]

At the suppression hearing conducted before the magistrate judge, City Judge Craig D. Hannah testified that he issued the challenged warrant only after hearing directly from the CI who, under oath, reported making recent controlled and non-controlled purchases of crack cocaine at 97 Saint Joseph Street. Detective Thomas Doctor, who appeared before Judge Hannah with the CI, testified at the hearing that he observed the controlled buy on January 2, 2009. Additionally, the government offered corroborating documentary evidence of the controlled buy, such as the disbursement form for the money used in making the purchase and the request for a lab analysis of the purchased substance.[2] Both Judge Hannah and Detective Doctor further testified to the CI's past record of reliability.

_____

[1]We would, moreover, reach the same conclusion on de novo review. See generally United States v. Falso, 544 F.3d at 126 n.21 (noting circuit split as to whether review standard is de novo or clear error, and suggesting that issue may remain open in this circuit).

[2] Following the suppression hearing, the government submitted the completed lab analysis to the court, which indicated that the purchased substance was cocaine, not cocaine base.

In challenging this evidence of drug purchases, Morris notes that Detective Doctor's warrant application did not specifically mention a controlled buy, testimony at the evidentiary hearings exposed discrepancies as to the date of the controlled buy, the government never produced the informant, and neither the search warrant application nor Judge Hannah's notes of the CI's testimony refer to police surveillance of the CI's non-controlled buys. These omissions are not enough to constitute the "<u>substantial</u> preliminary showing" of falsity necessary to justify a <u>Franks</u> hearing. <u>See</u> 438 U.S. at 155–56 (emphasis added). Accordingly, we identify no error in the district court's failure to conduct a more expansive hearing on the credibility of the application.

B.      <u>Probable Cause</u>

Morris submits that, in any event, the district court erred in adopting the magistrate judge's finding of probable cause. On <u>de novo</u> review, <u>see</u> <u>United States v. Irving</u>, 452 F.3d 110, 125 (2d Cir. 2006), we concur in the probable cause assessment.

In urging otherwise, Morris argues that (1) he lived in a two-family dwelling and neither the CI nor Detective Doctor ever specified the particular apartment to be searched; (2) because the CI remained outside 97 Saint Joseph Street during the controlled buy, it was "possible" that the seller "George" had taken the CI from 105 to 97 Saint Joseph to "take the heat off himself" rather than to retrieve drugs from the latter location; and (3) there was no evidence that "George" had control over Morris's residence. The arguments are unconvincing.

First, Judge Hannah's notes of the CI's testimony, Detective Doctor's application for the search warrant, and the search warrant itself, all clearly identify the "lower" dwelling at 97 Saint Joseph Street as the unit to be searched. The warrant application also states that "CI has been to the afore[]mentioned address and has purchased crack cocaine for money." J.A. 229. Second, the mere possibility that "George" did not retrieve the drugs from inside Morris's home did not negate probable cause that "George" did just that. See Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Clark, 638 F.3d 89, 94 (2d Cir. 2011) ("[P]robable cause to search is demonstrated where the totality of circumstances indicates a fair probability that contraband or evidence of a crime will be found in a particular place." (internal quotation marks omitted)). Third, because the issuing judge found that probable cause existed as to the lower dwelling, there was no need to establish "George's" control over that unit. See United States v. Clark, 638 F.3d at 94 (stating that probable cause as to specific apartment in multi-family dwelling authorizes search of that apartment).

Further, because the warrant was supported by probable cause, we necessarily reject Morris's challenge to the district court's alternative finding that the executing officers relied on the warrant in good faith. See United States v. Leon, 468 U.S. 897 (1984). We note only that, even if probable cause were lacking—which it is not—Judge Hannah's failure to record the CI's testimony in accordance with state law, and his decision to credit the CI's testimony despite his active drug use, would not manifest an abandonment of Judge Hannah's judicial role so as to preclude reliance on Leon. See United States v. Clark, 638 F.3d at 101 (holding that legal error in probable cause determination does not, by itself, indicate abandonment of

judicial role); <u>United States v. Smith</u>, 9 F.3d 1007, 1013–14 (2d Cir. 1993) (holding that failure to follow state law requiring issuing judge to record testimony did not affect validity of warrant); <u>see also</u> <u>Herring v. United States</u>, 555 U.S. 135, 140 (2009) (emphasizing that suppression is last resort for error).

2.        <u>Evidentiary Challenge</u>

Morris's strongest argument protests the irrelevant, potentially prejudicial background testimony elicited by the government from police witnesses. Lieutenant Lyon, testifying about his duties in the narcotics unit, said, "I would pass [citizen complaints] on to detectives, <u>they would investigate them. And if there was any merit to them, they would then try to obtain a search warrant</u>." J.A. 419 (emphasis added). Detective Donovan, testifying about his duties in the execution of search warrants, said, "We actually utilize informants to make purchases. Any time we do a search warrant in the City of Buffalo, we have a control buy at that location, so we utilize . . . informants to make those purchases." J.A. 439. These statements, which did not constitute competent evidence of the defendant's guilt, tended to bolster the government's case by suggesting to the jury that the police would not seek a warrant, such as the warrant issued for the search of Morris's apartment, without the matter having first been investigated by detectives and found to have merit and without a controlled buy having been done at the premises. The testimony was improper. It should not have been offered, or received. Nonetheless, on the present record, the error was harmless in light of the drug evidence seized from the home. This evidence permits us to conclude "with fair assurance" that the officers' general testimony about citizen complaints and controlled buys did not "substantially influence the jury." <u>Id.</u> (internal quotation marks omitted).

6

3.    Sufficiency of the Evidence

Morris also argues that the evidence was insufficient at trial to demonstrate his intent to distribute drugs. When we consider the drugs and drug paraphernalia seized, together with Mrs. Morris's testimony that neither she nor her husband were drug users but that he sold drugs regularly, we can hardly conclude that no rational jury could have found an intent to distribute proved beyond a reasonable doubt. Rather, a jury could easily have concluded from this evidence that Morris was guilty of the drug distribution charges, notwithstanding the small amount of cocaine seized from Morris's home. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord United States v. Desnoyers, 637 F.3d 105, 109 (2d Cir. 2011).

We have considered Morris's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court